AMERICAN EXCHANGE TRUST COMPANY *v.* GATES.

Opinion delivered April 27, 1931.

*Carmichael & Hendricks,* for appellant.

*Hal L. Norwood,* Attorney General, and *Walter L. Pope,* Assistant, and *Charles W. Mehaffy,* for appellee.

SMITH, J. This appeal involves the question whether the collateral heirs of a deceased person have an exemption in any amount, and, if so, to what amount, from the payment of inheritance taxes on property which they have taken by "transfer" from such deceased per-

son, a transfer being defined in the Inheritance Tax law as any method whereby one acquires title to the property of a deceased person. Subdivision (4), § 10,217, Crawford & Moses' Digest.

The question involved can only be determined by a consideration and construction of §§ 10,221 and 10,222, Crawford & Moses' Digest, and the acts amendatory thereof; said sections being a part of the chapter on Taxation—subtitle Inheritance Taxes—Crawford & Moses' Digest.

Section 10,221, Crawford & Moses' Digest, has the caption, "Exemptions," and consists of four paragraphs. Paragraph (1) exempts charitable and similar transfers. Paragraph (2) exempts property of the clear value of three thousand dollars transferred to a widow or a minor child of the decedent, and "* * * one thousand dollars transferred to each of the persons described in § 10,222, * * *." Paragraph (3) exempts property of the clear value of five hundred dollars transferred to any person or corporation other than the persons described in § 10,222. Paragraph (4) provides when the tax shall be paid in full without exemption.

The exemptions allowed by § 10,221, Crawford & Moses' Digest, may therefore be summarized by saying that the widow and minor child of a decedent were allowed $3,000, and transferees described in § 10,222 were each allowed $1,000, and all other persons or corporations other than the persons described in § 10,222 were allowed $500.

Section 10,222, Crawford & Moses' Digest, bears the title, "Primary rates," and consists of two paragraphs. Paragraph (1) provides that the rate of taxation on all taxable values not in excess of five thousand dollars are, for convenience, termed "primary rates," and shall be as follows: Upon a taxable transfer to any father, mother, husband, wife, child, brother or sister, and certain others, at the rate of one per cent.

Paragraph (2) of § 10,222 reads as follows: "Upon a transfer, taxable under this act, of property or any beneficial interest therein of an amount in excess of the exemptions provided for in subdivision three of § 10,221, and not in excess of $5,000, to any person or corporation, other than those enumerated in subdivision one, of this section, the tax shall be at the rate of four per cent. of the clear value of such interest in such property."

Section 10,222, Crawford & Moses' Digest, was amended by act 438 of the Acts of 1923 (General Acts 1923, page 384). Paragraph (1) was amended in a respect unimportant in the decision of the question now before us.

A new paragraph was added and numbered (2), which fixed the primary rate of brothers and sisters, of both the whole and the half blood, at two per cent.

Paragraph (2) of § 10,222 was slightly amended and re-enacted as paragraph (3) of the amendatory act of 1923, and, as it there appears, reads as follows: "Upon a transfer, taxable under this act, of property or any beneficial interest therein of an amount in excess of the exemptions provided for in subdivision 3 of § 10,221, and not in excess of five thousand dollars, to any person, corporation, other than those enumerated in subdivisions one and two of this section, the tax shall be at the rate of four per cent. of the clear value of such interest in such property."

At the 1929 session of the General Assembly Act 106 was passed, entitled, "An Act to amend the Inheritance Tax Law of the State of Arkansas," vol. 1, Acts 1929, page 526, and §§ 10,221 and 10,222, Crawford & Moses' Digest, were both amended by the Amendatory Act of 1929.

Paragraph (1) of § 10,221, Crawford & Moses' Digest, was re-enacted without change.

Paragraph (2) was amended to read as follows: "(2) Property of the clear market value of six thousand dollars transferred to the widow of the decedent, whether by dower or otherwise, of four thousand dollars

transferred to a minor child of the decedent, and of two thousand dollars transferred to each of the persons described in § 10,222 shall be exempt.''

Paragraphs (3) and (4) of § 10,221, Crawford & Moses' Digest, were omitted.

The amendatory act of 1929 amended § 10,222, Crawford & Moses' Digest, in the following particulars. Paragraph (1) was amended slightly in a particular unimportant here. Paragraphs (2) and (3) were amended to read as follows:

''(2)   Upon the transfer taxable under this act of property or any beneficial interest therein, of an amount not in excess of five thousand dollars to any brother or sister, including the brother or sister of the half blood, the tax shall be at the rate of two per cent. of the clear value of such interest in such property.

''(3)   Upon a transfer, taxable under this act, of property or any beneficial interest therein of an amount not in excess of five thousand dollars, to any person, corporation, other than those enumerated in subdivision (1) and (2) of this section the tax shall be at the rate of four per cent. of the clear value of such interest in such property.''

The probate court originally, and the circuit court on appeal, denied the claim of the collateral heirs to any exemption, and this appeal questions that construction of the statutes set out herein.

The claim of exemption is based upon paragraph (2) of the Amendatory Act of 1929 as it amends § 10,221, Crawford & Moses' Digest, which reads as follows: ''* * *, and of two thousand dollars transferred to each of the persons described in § 10,222 shall be exempt.''

The portion of the act of 1929 last quoted allows an exemption of two thousand dollars transferred to each of the persons described in § 10,222, and the question for decision is, therefore, whether collateral heirs are persons described in § 10,222, and, if not, who are such persons.

The contention of the collateral heirs is that they and all other transferees have an exemption of two thousand dollars because they are persons described in § 10,222, as amended by the act of 1929. If this is true, the General Assembly has adopted a most involved method of allowing an exemption which might have been granted in language so simple that no doubt could arise, and has also increased the exemption of such persons from five hundred dollars, originally allowed by paragraph (3) of § 10,221, which paragraph, as we have stated, was omitted from the subsequent legislation, to two thousand dollars.

But we think there is no such exemption. It is to be remembered that § 10,221 deals with exemptions, and § 10,222 with primary rates. Amended § 10,221 allows the widow an exemption of six thousand dollars, and each minor child an exemption of four thousand dollars, and the persons referred to in amended § 10,222 are each allowed an exemption of two thousand dollars. Who are these persons? The persons referred to are enumerated in paragraphs (1) and (2) of the section. Paragraph (1) names father, mother, or other lineal descendants, or husband, wife, child, wife or widow of a son, or the husband of a daughter, certain adopted children, or any lineal descendant born in lawful wedlock. All the persons here described have a preferential rate of one per cent. on any transfer to them not in excess of five thousand dollars. The other persons described in § 10,222 are mentioned in paragraph (2), and these are brothers and sisters, both of the whole and the half blood; they also have a preferential rate of two per cent.

No other persons are described in the amended § 10,222, but all other persons, whether of the blood of the decedent or not, as well as any corporation which acquires property by any kind of a transfer, pay tax thereon at the rate of four per cent. This is the basic or primary rate applicable to valuations of five thousand dollars, or less, such as the estate here involved.

All persons not described in paragraphs (1) and (2) who, or corporations which, pay anything (not being exempt from all taxes under paragraph (1) of § 10,221, pay at the primary rate of four per cent. Two classes of persons are described in § 10,222 who pay this tax but do not pay at this rate. The first class are those mentioned in paragraph (1) who pay at the rate of one per cent. The other class are those mentioned in paragraph (2) who pay at the rate of two per cent. The persons mentioned in paragraphs (1) and (2) are the only persons described. All other persons are undescribed, and these persons, and all corporations, pay the basic rate of four per cent., without benefit of any exemption.

We are re-enforced in this conclusion by a consideration of the fact that paragraph (2) of § 10,221, Crawford & Moses' Digest, was amended and carried into the amendatory act of 1929, while paragraph (3) of § 10,221 was omitted from the amendatory act of 1929. Paragraph (2) of § 10,221 allowed an exemption to a widow and minor child of three thousand dollars each, and of a thousand dollars to each of the persons described in § 10,222. Section 10,222 described certain persons, and referred to others without description, and to this latter class there was allowed by paragraph (3) of § 10,221 an exemption of five hundred dollars. This paragraph (3) of § 10,221 was omitted in the amendatory legislation, and the persons who had not been otherwise described remained without description. Those persons, and all corporations, pay the basic or primary rate of four per cent., without deduction for exemptions.

This construction of the statute results in holding that only those persons are allowed exemptions who are described in paragraphs (1) and (2) of § 10,222, Crawford & Moses' Digest, as amended by the act of 1929, supra, these being the persons to whom an exemption of two thousand dollars each was allowed by paragraph (2) of § 10,221, Crawford & Moses' Digest, as amended by the act of 1929, supra.

The judgment of the court below is in accordance with this construction of the statute, and it is therefore affirmed.